UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEWAYNE A. DUNN,

   Petitioner,

   v.     CAUSE NO.: 3:18CV178-PPS/MGG

WARDEN,

   Respondent.

## OPINION AND ORDER

Dewayne A. Dunn, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his conviction and sentence for murder imposed by the Elkhart Circuit Court on March 17, 2011. (ECF 1.) However, habeas corpus petitions are subject to a strict one year statute of limitations. There are four possible dates from which the limitation period begins to run.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>                    (D) the date on which the factual predicate of
>                the claim or claims presented could have been
>                discovered through the exercise of due diligence.
>     (2) The time during which a properly filed application for
>     State post-conviction or other collateral review with respect
>     to the pertinent judgment or claim is pending shall not be
>     counted toward any period of limitation under this
>     subsection.

28 U.S.C. § 2244(d).

Question 9 of the form habeas petition asked Dunn to explain why this petition is timely. In response, he wrote, "I have filed in a timely manner, and the one year period has been meet [sic]." (ECF 1 at 5.) Neither this answer nor the claims raised in the petition indicate that they are based on newly discovered evidence or a newly recognized constitutional right. Neither is there any indication that a state-created impediment prevented him from filing his federal petition on time. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

Here, Dunn was found guilty and sentenced on March 17, 2011. (ECF 1 at 1.) He filed a direct appeal, and the Indiana Court of Appeals affirmed his conviction on December 22, 2011. *Id.* He filed a petition to transfer with the Indiana Supreme Court, but it was denied on February 13, 2012.[1] *Dunn v. State of Indiana*, No. 20A05-1103-CR-

---

[1] Dunn reports that his petition for transfer was resolved a few days later, on February 24, 2012. (ECF 1 at 1.) This is inaccurate, but for the reasons explained in this order it would not change the outcome here.

2

00160, order denying petition to transfer (Ind. Ct. App. Feb. 13, 2012). Dunn did not file a petition for certiorari to the United States Supreme Court. Nevertheless, he had 90 days to do so and his conviction did not become final until that time expired on May 14, 2012. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires."). The next day, the 1-year period of limitation began. It expired a year later on May 14, 2013. Because this petition was not filed until March 12, 2018, it is nearly five years late.

Dunn filed a state post-conviction relief petition on January 19, 2017, but by the time he filed that petition, his time to seek habeas relief in federal court had already lapsed. Once the deadline expires, filing a post-conviction relief petition does not "restart" the federal clock, or "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). As a result, this petition is untimely.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, the petition was not timely filed. Nothing before the court suggests that jurists of reason could debate

the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

ACCORDINGLY:

Dewayne A. Dunn's habeas corpus petition (ECF 1) is DENIED pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and the petitioner is DENIED a certificate of appealability.

SO ORDERED on March 20, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT